*112
OPINION

SteRnhagew :
On its return for 1936 petitioner reported a capital gain of $92,334.14, by including in its basis the $119,705.58 aggregate losses from the operation of the services from Oakland to Hayward, Castro Valley, and San Lorenzo. These amounts for each year through. 1934 had been used by petitioner as deductions in computing *113 its taxable income, either as operating expenses or losses. - The Commissioner increased the gain from the transaction in 1936 by excluding the $119,705.58 from the basis, saying “there is no authority under the provisions of section 113 (b), Revenue Act of 1936, to capitalize as the cost of the franchise the operating losses of the years 1931 to 1935, inclusive.” Petitioner contends that the general excess of operating expenses over operating receipts from the new routes were capital expenditures not properly deductible in the year of operation.
The Commissioners determination is correct, /feo far as the evidence shows, the losses in question were entirely operating expenses and petitioner properly took deductions for them in the respective years of operation. The fact that the new operation' resulted in greater expenses than receipts is not alone reason to capitalize them. Had there been expenditures which could be identified, as. not attributable to current operation but directly and clearly to capital, .there might be some ground for permitting or even requiring a taxpayer to omit them from current deductions and charging them to “capital account” as contemplated by section 113 (b) (1) (A). This has been held in respect of the cost of solicitation of new business and of free service given to build good will. Houston Natural Gas Corporation v. Commissioner, 90 Fed. (2d) 814; cf. News Publishing Co. v. Blair, 29 Fed. (2d) 955; Successful Farming Publishing Co. v. Commissioner, 64 Fed. (2d) 890. But nothing in the evidence would have’ supported such treatment in the years of expenditure, and nothing-supports such treatment in the later year when the business’ was-discontinued. The excessive cost of current operation would not beregarded as invested capital for the purpose of measuring excess-profits under the earlier statutes.

Decision will be entered for the respondents